# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ZEN DESIGN GROUP LIMITED**<br>a Michigan limited liability company,<br><br>       Plaintiff,<br>**v.**<br><br>**SCHOLASTIC, INC.**<br>a New York corporation<br><br>       Defendant. | Case No. 2:16-cv-12936<br><br>*Jury Trial Demanded* |

# COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND



Plaintiff Zen Design Group, Ltd. ("Zen Design") for its Complaint against defendant Scholastic, Inc. ("Scholastic") states as follows:

## NATURE OF THE ACTION

1. This is an action against Scholastic for infringement under 35 U.S.C. § 271, of U.S. Patent No. 6,860,616 ("the '616 patent" or "the Asserted Patent,") entitled "Ultraviolet Light Writing System" (attached hereto as Exhibit A).

2. As alleged and pleaded herein, Scholastic has infringed and is infringing Zen Design's patent rights through its activities regarding invisible ink pens, including without limitation, Scholastic's TopSecret UV Pen (the "Accused Products") (Exhibit B). Such unlawful activities are occurring throughout the United States and, in particular, in this District.

## THE PARTIES

3. Zen Design is a Michigan limited liability company having a regular and established place of business at 2850 Coolidge Highway, Berkley, Michigan 48072.

4. On information and belief, Scholastic is a New York Corporation having a principal place of business at 557 Broadway, New York, New York 10012.



1

5. Scholastic has manufactured, used, sold, offered for sale, imported, and/or distributed the Accused Products within the United States and, in particular, in this District.

## JURISDICTION

6. All claims herein arise under the Patent Act, 35 U.S.C. § 1 *et seq.*

7. Subject matter jurisdiction for the pleaded claims is conferred upon the Court by 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Scholastic for the purposes of this action pursuant to 28 U.S.C. §§ 1391 and 1400 because Scholastic resides in this district or sells and/or offers to sell the Accused Products in this District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because at least a substantial part of the events giving rise to Zen Design's claims occurred in this District and Scholastic is subject to personal jurisdiction in this District.

## FOUNDATIONAL FACTS

10. On March 25, 2005, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 6,860,616 ("the '616 patent") entitled "Ultraviolet Light Writing System."

11. Zen Design is the owner by assignment of the '616 patent.

12. The '616 patent is valid and enforceable.



13. Upon information and belief, Scholastic has offered for sale and/or sold a product called "TopSecret UV Pen", as well as numerous other products that include a similar pen (the "Accused Products").

14. The Accused Products infringe, directly and indirectly, at least claims 1 and 7 of the '616 patent, literally and/or under the Doctrine of Equivalents.

15. The Accused Products are pen-lights which includes a battery holder having both a distal terminus and a proximal terminus. There is a battery within the battery holder.

16. The Accused Products include a switch which can be used to turn a UV light-emitting diode ("LED") on and off. The LED emits a wavelength of less than 420 nanometers.

17. The Accused Products include a light-emitting diode module within the battery holder and this module selectively forms an electrical circuit with the battery and the switch.

18. The Accused Products include a translucent pen assembly that has both a cap end and a pen tip end and is mateably attachable to the battery holder on either end.

19. The Accused Products include an ink refill in fluid communication with a pen tip that extends from the pen tip end. The ink fluoresces in the visible



portion of the light spectrum when exposed to a light having a wavelength less than 420 nanometers.

20. Scholastic received constructive notice of the '616 patent because the marking requirements of 25 U.S.C. § 287(a) have been satisfied.

21. Scholastic had actual notice of the '616 patent and its infringement since at least May 2015, when Zen Design mailed the '616 patent to it on May 26, 2015.

22. Upon information and belief, Scholastic has continued to sell products which infringe the '616 patent since it became aware of the '616 patent.

## COUNT I
## PATENT INFRINGEMENT

23. Plaintiff Zen Design reaffirms and realleges the allegations in the preceding paragraphs.

24. Scholastic has infringed and is infringing the '616 patent, either directly, by inducing others to infringe and/or contributorily, by making, using, offering for sale, selling, and/or importing in the United States its "TopSecret UV Pen" and other products using a substantially similar pen.

25. On information and belief, Scholastic's infringement has been, and continues to be, willful and with the specific intent to infringe the '616 patent.



4

26. Plaintiff Zen Design has suffered damages as a result of the infringing activities of Scholastic, and will continue to suffer damage as long as those infringing activities continue.

27. This is an exceptional case under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Zen Design requests entry of a judgment against Scholastic granting relief as follows:

A. Finding Scholastic liable for infringement of the '616 patent;

B. Permanent injunctive relief restraining Scholastic, together with any agents, servants, employees, and attorneys, and such other persons in active concert or participation with Scholastic who receive actual notice of the order, from further infringement of the '616 patent;

C. Awarding plaintiff Zen Design damages adequate to compensate for Scholastic's infringement and increasing those damages to three times the amount assessed pursuant to 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding plaintiff Zen Design its reasonable attorney fees, costs, and disbursements;

E. Awarding Zen Design interest on all damages awarded; and



F.  Granting such other, further and different relief as may be just and equitable on the proofs.

## DEMAND FOR JURY TRIAL

Zen Design hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: August 11, 2016

By: /s/ Thomas W. Cunningham
    MARK A. CANTOR             (P32661)
    THOMAS W. CUNNINGHAM    (P57899)
    1000 Town Center
    Twenty-Second Floor
    Southfield, Michigan 48075
    Tel:     (248) 358-3400
    Fax:    (248) 358-3351
    E-mail:  mcantor@brookskushman.com
            tcunningham@brookskushman.com

