# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ZEN DESIGN GROUP, LIMITED,

    Plaintiff,

v.                                             Case No. 16-12936

SCHOLASTIC, INC.,

    Defendant.

                                                       /

**OPINION AND ORDER 1) DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL AND STAY DISCOVERY AS TO WILLFUL INFRINGEMENT; 2) DIRECTING DEFENDANT TO PRODUCE DISCOVERY; AND 3) RESCHEDULING CLAIM CONSTRUCTION HEARING**

Pending before the court is Defendant's Motion to Bifurcate Trial and Stay Discovery as to Willful Infringement. (Dkt. #21.) After the motion was briefed by both sides, the court held a hearing on June 8, 2017. For the following reasons, the court will deny Defendant's motion, direct Defendant to produce relevant discovery, and reschedule the claim construction hearing for an earlier date.

## I. BACKGROUND

Plaintiff is the owner of U.S. Patent No. 6,860,616 ("the '616 Patent") entitled "Ultraviolet Light Writing System." The patent purports to describe a pen capable of writing with a type of ink invisible under normal conditions, but with a tendency to fluoresce when exposed to ultraviolet light. To this end, the pen also includes an embedded bulb that emits light of the requisite wavelengths. Plaintiff alleges that Defendant sold a suite of over fifty infringing products (the "Accused Products").

Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the court has scheduled a claim construction hearing for August 16, 2017.[1]

Defendant now asks the court for an order bifurcating the issue of willfulness of infringement and staying discovery on that question[2] until after completion of a trial on the threshold question of liability. The court's scheduling order, entered on December 2, 2016, already contemplates the bifurcation of the damages and liability portions of trial. Defendant argues that the same logic underlying this bifurcation applies to the issue of the willfulness of infringement. It is concerned that the jury may confuse evidence of willfulness for evidence of infringement. Moreover, Defendant insists that discovery into willfulness will impose a burden by forcing it to either produce documents evincing communications with counsel and thus waiving attorney-client privilege or else accept an adverse inference as to the contents of the documents withheld. Defendant offers bifurcation as an alternative consistent with policies favoring minimization of prejudice and service to judicial economy.

Plaintiff, meanwhile, responds that bifurcation is generally treated as the exception rather than the rule, and that Defendant has offered no reason to believe that special circumstances here justify its implementation. It points to the fact that Defendant had not raised the specter of bifurcation on this issue until months after their Federal

---

[1]As this court has not held a *Markman* hearing in this case, this short summary of the patented invention is made only for background purposes and without any meaningful consideration of, and therefore should not be understood to have any *res judicata* effect on, any claim construction arguments by either party.

[2]Defendant had initially also requested that the court stay discovery into damages, but it rescinded that request in its reply brief. Thus, the court will not address it here.

Rule of Civil Procedure 26(f) conference and entry of the court's scheduling order. Plaintiff also argues that, far from promoting judicial economy and avoiding prejudice, bifurcation would do just the opposite, not only because it will result in the need for multiple depositions of the same people, but also because willfulness evidence may be relevant to the question of whether Defendant infringed by flagrantly copying the patented invention or knowingly induced others to infringe. Additionally, it contends that willfulness evidence may go to Defendant's affirmative defenses of invalidity, relating to whether the invention was copied and thus non-obvious, and equitable defenses of implied license and equitable estoppel, relating to whether the court should employ the doctrines in light of Defendant's state of mind.

Attacking the premise behind Defendant's argument about the burdensomeness of providing willfulness evidence, Plaintiff has identified Federal Circuit case law holding that disclosure of such evidence does not operate as a blanket waiver of privilege, nor does withholding it justify an adverse inference at trial. After all, Plaintiff claims, the decision of whether to use evidence of reliance on counsel in their defense is merely a strategic decision that defendants must weigh. As such, Plaintiff asks that the court order Defendant to immediately indicate whether it intends to rely upon evidence of that sort, and, if so, to produce all of the relevant associated documents.

In turn, Defendant's reply brief introduces the argument that bifurcation will be necessary because Plaintiff "has recently made it clear that it intends to pepper its briefs and arguments before the Court with repeated references to Scholastic's

3

alleged copying[.]" (Dkt. #29, Pg. ID 599.) It also argues that no overlap exists between the issues of infringement and whether Defendant intends to rely on its having sought advice of counsel in light of 35 U.S.C. § 298, which states that:

> The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.

35 U.S.C. § 298.

As to its equitable affirmative defenses, Defendant "agrees that [its] knowledge of the patent-in-suit is a proper area of inquiry[,]" but that "Plaintiff should not be allowed to use [it], however to prejudice . . . and taint [Defendant] in the eyes of the jury with respect to liability[,]" as "[t]he issues are completely separate and should remain separate." (Dkt. #29, Pg. IDs 602-603.) As to validity, Plaintiff argues that copying is legally irrelevant unless Plaintiff can first show that Defendant's pens embody the claims of the '616 Patent. Defendant offers that any additional discovery that results from bifurcation of discovery and the trial will only occur if the jury finds that the Accused Products infringe one of the claims of the '616 Patent.

## II. DISCUSSION

Assuming *arguendo* that bifurcation were desirable in this case, Defendant should have asked for it sooner. On October 28, 2016, the parties filed a Joint Federal Rule of Civil Procedure 26(f) Report and Proposed Scheduling Order, stating that "[d]iscovery shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement." (Dkt. #16, Pg. ID 126.) The court held a Scheduling Conference on November 3, 2016, and it

4

entered a scheduling order a month later. (Dkt. #18.) That scheduling order, far from being consistent with Defendant's envisioned scheme of two-phased discovery, stated in relevant part that:

> The trial of the liability portion of the case will normally be bifurcated from the damages portion. If the jury finds liability, the Court will continue the trial as to the damages issues *before the same jury*. The liability and damages portions of the trial will *only be separated by a short period of time, likely around a week*, depending on the availability of the jurors and the Court's schedule.

(Dkt. #18, Pg. ID 171 (emphasis added).) It also stated that fact discovery, to be completed by July 28, 2017, "shall include any relevant opinions of counsel if Defendant intends to rely upon an opinion of counsel as a defense to a claim of willful infringement." (*Id.*, Pg. ID 161.)

These materials contemplated in plain language that Defendant would supply the contested materials in the normal course of discovery if it resolved itself to relying upon the specified defense, and that only a short period between stages in trial would be permitted. Defendant's delay in raising this issue is clearly prejudicial to Plaintiff and not justified by a generalized concern over Plaintiff's "peppering in" references to alleged willful infringement in its filings.[3] Even if it were, "[a]rguments raised for the first time in a reply brief are waived." *United States v. Owens*, 458 F. App'x 444, 446 (6th Cir. 2012).

Defendant's reply does not offer any rebuttal to Plaintiff's characterization of the Federal Circuit's decisions in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), and *In re Seagate Tech., LLC*, 497 F.3d

---

[3]Defendant's ire is aimed at such unremarkable statements as "Scholastic had copied its patented pen design with a pen identical to the one made by its licensee." (*See* Dkt. #29, Pg. ID 599.)

5

1360 (Fed. Cir. 2007), having mitigated the prejudice otherwise inherent in expecting Defendant to decide whether it will argue reliance upon counsel's advice and supply the relevant documents during normal fact discovery. Nor does it address the study cited by Plaintiffs, finding that between 2004 and 2010 bifurcation was rather uncommon. *See* Christopher B. Seaman, WILLFUL PATENT INFRINGEMENT AND ENHANCED DAMAGES AFTER IN RE SEAGATE: AN EMPIRICAL STUDY, 97 Iowa L. Rev. 417, 463-64 (2012) ("The data reveal that the willfulness was bifurcated in almost a fifth (18.6%) of cases studied. Bifurcation was much more common when a judge finally decided the issue of willfulness (45.7%, 16 of 35 cases) compared to juries (4.5%, 3 of 67 cases).").

Meanwhile, Defendant's argument on the other side of the coin, that prejudice to Plaintiffs will be minimal because 35 U.S.C. § 298 precludes overlap, is mistaken. The language of that provision merely says that the *failure* of the accused infringer to produce such evidence may not be used to prove infringement. This does not foreclose the possibility that documents Defendant *produces* in the hopes of succeeding in its reliance on counsel defense on the question of willfulness end up supporting Plaintiff's arguments on the question of infringement. Moreover, it amounts to little more than a memorialization of the holding of *Knorr-Bremse* that:

> A defendant may of course choose to waive the privilege and produce the advice of counsel. However, the assertion of attorney-client and/or work-product privilege and the withholding of the advice of counsel shall no longer entail an adverse inference as to the nature of the advice.

383 F.3d at 1345.

The court is not convinced that bifurcation is warranted in this case. It is clearly within the discretion of this court to make the determination to set these issues for trial together, as explained by the Federal Circuit:

> Finally, we wish to make clear that district courts, in their discretion, may bifurcate willfulness and damages issues from liability issues in any given case. District courts have the authority to try these issues together or separately just as they have the authority to try all issues together at the liability stage. They may decide, for example, for reasons of efficiency due to the commonality of witnesses or issues in any particular case, that bifurcation is not warranted. District court judges, of course, are best positioned to make that determination on a case-by-case basis.

*Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1319–20 (Fed. Cir. 2013). Having presented this court with nothing of substance that would justify a prejudicially late and uneconomical decision to substantially amend the scheduling order in this case, Defendant cannot succeed on its motion.

The court will also order Defendant to disclose whether it intends to rely upon an advice of counsel defense to willfulness and produce associated documents to Plaintiff **by July 7, 2017.** As mentioned above, the scheduling order contemplated that these materials would be exchanged in normal discovery, and with fact discovery set to close anyway on July 28, 2017, this deadline should not impose any extraordinary additional burden upon Defendant.

Finally, at the hearing counsel for both parties agreed that they were amenable to an adjustment in the scheduling order moving the claim construction hearing to an earlier date in light of the fact that briefing has already been completed. Thus, the court will reschedule the *Markman* hearing currently set August 16, 2017, for **July 20, 2017 at 9:30 a.m.** Should the parties determine that an adjustment to this date is warranted,

they are directed to confer with one another then request a status conference with the court's case manager.

### III. CONCLUSION

IT IS ORDERED that Defendant's Motion to Bifurcate Trial and Stay Discovery as to Willful Infringement (Dkt. #21) is DENIED.

IT IS FURTHER ORDERED that Defendant shall disclose whether it intends to rely upon an advice of counsel defense to willfulness and produce associated documents to Plaintiff **by July 7, 2017.**

IT IS FURTHER ORDERED that the claim construction hearing currently set August 16, 2017, is rescheduled to **July 20, 2017 at 9:30 a.m. at the Federal Building and United States Courthouse, 526 Water Street, Port Huron, MI.**

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 984-2056

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-12936.ZENDESIGN.denybifurcatewillfullness3.bss.wpd