# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

ZEN DESIGN GROUP, LIMITED,

    Plaintiff,

v.                                                                                                               Case No. 16-12936

SCHOLASTIC, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT OF NONINFRINGEMENT

Before the court is Defendant Scholastic's Motion for Summary Judgment of Noninfringement for its "Top Secret" Ultraviolet Light Pens. (ECF No. 60.) The motion has been fully briefed. (Zen Design's Response, ECF No. 63; Scholastic's Reply, ECF No. 72; Zen Design's Surreply, ECF No. 76.) Both parties have additionally filed various exhibits under seal or in the traditional manner. (ECF Nos. 64–69, 73–74.) The court held a hearing on June 20, 2019 and was given the opportunity to handle exemplars of the pen at issue. For the reasons stated on the record at the hearing, as well as those stated below, the court will deny the motion.

## I. BACKGROUND

Plaintiff Zen Design owns U.S. Patent No. 6,860,616, "Ultraviolet Light Writing System," and filed this infringement action against Scholastic based on Scholastic's sale of certain invisible-ink pens. (ECF No. 6, PageID.34.) Pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the parties extensively briefed the issue of claim construction and the court held a hearing, after which it issued an Opinion and Order

Construing Claims. (ECF No. 52.) The UV Light Writing System patent contains 16 independent claims. (ECF No. 6-2, PageID.48.) Claims 1, 7, 15, and 16 were construed by the court. (ECF No. 52.) The present motion centers around the part of Claim 1 that describes "a pen assembly having a cap end and a pen tip end, said pen assembly mateably attachable to said battery holder via both the cap end and pen tip end." (ECF No. 6-2, PageID.48.) The court construed "mateably attachable" to mean "configured to engage in a complementary manner." (ECF No. 52, PageID.1335.) Scholastic moves for summary judgment that its Top Secret UV Light Pen does not infringe Claim 1.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court considers "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The evidence, and all reasonable inferences drawn from it, must be considered "in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970)).

"The first step in the patent infringement analysis requires the court to construe the scope and meaning of the asserted claims." *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1068 (Fed. Cir. 2019) (citing *Markman, Inc.*, 517 U.S. at 372–74). After that, the court conducts "a comparison of the claims to the accused device." *Id.* at 1072–73 (citing *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211

(Fed. Cir. 1998)). "[S]ummary judgment of non-infringement can only be granted if, after viewing the alleged facts in the light most favorable to the non-movant, there is no genuine issue whether the accused device is encompassed by the claims." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 56(a); *Liberty Lobby,* 477 U.S. at 255).

## III. DISCUSSION

Scholastic, as the party moving for summary judgment of noninfringement, has the initial burden of showing "an absence of evidence to support" Zen Design's infringement claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to Zen Design, who must set forth enough evidence to raise at least a genuine issue of material fact for trial. *Id.* at 324. The issue in this motion is whether the pen assembly of Scholastic's Top Secret UV Pen is "configured to engage in a complementary manner" with its battery holder/cap on the cap end of the pen assembly. Having reviewed the evidence, the court finds that there are sufficient factual disputes regarding whether the Pen infringes Claim 1 to require submission to a jury.

Scholastic provides the declaration of the Pen's designer (Mr. Roy Yu), original technical drawings of the Pen, and exemplars of the Pen itself as evidence that the pen cap is not purposefully designed to engage with the cap end of the pen assembly. (ECF No. 60-5.) Mr. Yu declares that while he "purposefully designed the pen cap to engage the pen tip end of the pen in a complementary manner," he "did not purposefully design the pen cap to engage with the back end of the pen in a complementary manner." (*Id.*, ¶¶ 8–10.) He further explained that from his own physical inspection of the Pen, "it is clear that the inside circumference of the pen cap is smaller than the outside

3

circumference of the back end of the pen barrel, such that the pen cap was not designed to be engaged with or joined to the back end of the pen," and that this is supported by the original technical specification drawings. (*Id.*, ¶¶ 11–13.) The court inquired at the motion hearing whether a complementary fit may arise between parts of a product in the absence of design intent. Scholastic conceded it may but argued that this does not show the parts are *configured* to fit together in that way.

In rebuttal, Zen Design argues that—regardless of Mr. Roy Yu's subjective intent in designing it—the Pen is configured such that the cap engages the back end of the pen assembly in a complementary manner via a common "friction fit." It offers as evidence two YouTube videos of children reviewing the Pen, which depict them uneventfully putting the cap on the back end of the pen assembly, and an advertisement by Scholastic for a UV Pen depicting the cap on the back end. (ECF Nos. 63-6, 63-7, 63-8; 69.) It also offers the declaration of its expert witness, Mr. Ralph Marciano, explaining various features of the pen design that facilitate the friction fit. (ECF No. 63-2.) Scholastic challenges this argument with clips of its video deposition of Mr. Marciano, which depict him handling various commercially available pens that utilize friction fits and comparing them to the pen at issue. (ECF No. 74.)

Viewing the evidence in the light most favorable to Zen Design, as the court must, it is not so one-sided as to permit summary judgment of noninfringement. At a minimum, the YouTube videos and advertisement proffered by Zen Design raise a genuine triable issue regarding the configuration of the Pen. The court's own observations of the exemplars' physical characteristics reveal little, if anything, to the contrary. While Scholastic briefly argues that the YouTube videos should not be

4

considered because they have not been properly "authenticated" (ECF No. 72, PageID.1830), it concedes that the videos do indeed feature the pen at issue. The court finds that the videos are properly considered as evidence here.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," such as the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item." Fed. R. Evid. 901(a), (a)(4). "Authentication is a 'relatively low[] hurdle,' and may be proved through a variety of methods, including circumstantial evidence." *United States v. Quintana*, 763 F. App'x 422, 426 (6th Cir. 2019) (citing *United States v. Farrad*, 895 F.3d 859, 878 (6th Cir. 2018); *United States v. Cosgrove*, 637 F.3d 646, 658 (6th Cir. 2011)). "Evidence is authentic when the proponent offers 'sufficient proof . . . that a reasonable juror could find in favor of authenticity.'" *Id.* (quoting *United States v. Jones*, 107 F.3d 1147, 1150 n.1 (6th Cir. 1997)). Because the YouTube videos clearly display the Top Secret UV Pen, identifiable by its name, packaging, appearance, and operation, there is sufficient evidence for a jury to find that the videos are what Zen Design claims they are.

In conclusion, the evidence raised by Zen Design in rebuttal to Scholastic's motion raises genuine issues of material fact about whether the Top Secret UV Pen infringes Claim 1 of its patent. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment of Noninfringement for its "Top Secret" Ultraviolet Light Pen (ECF No. 60) is DENIED.

s/Robert H. Cleland       /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2019, by electronic and/or ordinary mail.

<span style="margin-left: 50%;">s/Lisa Wagner                    /<br>Case Manager and Deputy Clerk<br>(810) 292-6522</span>

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-12936.ZENDESIGN.DenySummaryJudgmentofNoninfringementRHC.docx